DAVID A. STRAND v. GREAT NORTHERN RAILWAY COMPANY
AND MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY COMPANY.[1]

February 10, 1951.

Nos. 35,223, 35,224.

See, Strand v. G. N. Ry. Co. 233 Minn. 93, 46 N. W. (2d) 266.

*Herbert E. Olson,* for petitioner (respondent).

*Edwin C. Matthias, Anthony Kane,* and *J. H. Mulally,* for appellant Great Northern Railway Company.

*James L. Hetland, Fordyce W. Crouch,* and *Ross L. Thorfinnson,* for appellant Minneapolis, St. Paul & Sault Ste. Marie Railway Company.

PER CURIAM.

The order to show cause heretofore issued herein upon plaintiff's application for an order of this court suspending Rule XIV of this court (222 Minn. xxxvii) and ordering the clerk of this court to issue remittitur herein to the court below forthwith upon payment of the clerk's fees as provided in M. S. A. 607.02, and for an order waiving the provisions of § 607.02 requiring that plaintiff pay the costs and disbursements in full before issuance of the remittitur, is hereby discharged.

The opinion in this case (Strand v. G. N. Ry. Co. 233 Minn. 93, 46 N. W. [2d] 266) was filed February 2, 1951. Rule XV (222 Minn. xxxvii) provides that costs and disbursements shall be taxed within 15 days after the filing of the opinion. Defendant Great Northern Railway Company's

[1]Reported in 46 N. W. (2d) 275.

costs and disbursements have not been taxed by the clerk as yet, nor has judgment been entered. Rule XIV provides that no judgment shall be entered until the expiration of 10 days after a decision is filed and that the remittitur to the lower court shall contain a certified copy of the judgment of this court. Rule XVI (222 Minn. xxxviii) provides that the adverse party or the clerk may cause judgment to be entered in case the prevailing party shall neglect to have judgment entered within 15 days after notice of the filing of the opinion. Accordingly, plaintiff's application at this time is premature.

By § 549.12, the minor plaintiff herein and his father as natural guardian are liable for such costs and disbursements as may be allowed. The showing plaintiff has made that his father and natural guardian is "unable to pay such costs in full" as provided by § 607.02 is inadequate and insufficient. See, Winters v. M. & St. L. R. Co. 127 Minn. 532, 148 N. W. 1096. For this further reason, plaintiff's application must be denied.

Order to show cause discharged and application denied.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this application.